IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ORIN TURNER, | § | |
| | § | No. 97, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0609012387A (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 18, 2023
Decided: August 14, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated March 9, 2023, summarily dismissing the appellant's third motion for postconviction relief. The appellant has not pleaded with particularity any circumstances under Rule 61(d)(2)(i) or (d)(2)(ii) that overcome the procedural bars set forth in Rule 61,[1] nor does he claim that the Superior Court lacked jurisdiction.[2] We also find no reversible error in the Superior Court's denial of the motion for transcripts at State expense, which the appellant

---

[1] DEL. SUPER. CT. CRIM. R. 61(i).

[2] *Id.* R. 61(i)(5).

filed after the Superior Court denied his motion for postconviction relief. The appellant did not present the requested transcripts to the Superior Court in support of his motion for postconviction relief, and he has not demonstrated how the transcripts would assist him in presenting a claim that is not procedurally barred.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] *See Pernot v. State*, 2020 WL 130242, at *2 (Del. Jan. 10, 2020) (affirming Superior Court's denial of motion for transcript at State expense where the appellant "did not identify any factual or legal grounds that would merit postconviction relief"); *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").